No. 3206.—LOUISA LANE *v.* C. ROSELIUS, and J. C. HUGHES, Sheriff.

In an appeal taken from a judgment dissolving an injunction without damages, the surety on the injunction bond having no interest in the appeal is not a necessary party thereto; therefore, the appeal will not be dismissed because the security on the bond is not made a party.

If the thing sold is allowed to remain in the possession of the vendor, the presumption is that the sale is simulated; and, as against third parties, this presumption must be overcome by proof. Therefore, if the evidence shows, as in this case, that the vendor still retained possession of the plantation sold, and that the vendee was without the means at the time of the sale to make the purchase, as set forth in the title, which was placed on record, and also that she had knowledge of the mortgages upon it at the time, the mortgage creditor may be allowed to seize and sell the property without resorting to a direct action to annul the sale.

APPEAL from Ninth District Court, parish of Natchitoches. *Lewis, J. C. Chaplin & Son*, for plaintiff and appellant. *Jack & Pearson and N. C. Myers*, for defendants and appellees.

WYLY, J. The defendants and appellees move to dismiss this appeal because the surety on the injunction bond has not been made party to the appeal, the appeal having been granted on motion and the bond being given only in favor of the defendants.

It is not necessary to mention the surety on the injunction bond in the motion for appeal, nor to cite him; he is a party to the appeal, if taken either by the plaintiff in injunction or by the defendant in injunction.

When the appeal is taken by the defendant, it must be considered as not only embracing the plaintiff but also his sureties on the injunction bond, who by a fiction of law (act twenty-fifth March, 1831), are considered as plaintiffs in injunction. 4 An. 514.

Where the appeal is taken on motion by the plaintiff, as in this case, his sureties on the injunction bond will be considered as parties appellant. 10 An. 347. The motion to dismiss is therefore overruled.

The plaintiff enjoined the defendants from selling a tract of land known as the "Kingsberry Lane" tract, in the parish of Natchitoches, on the ground that she is the owner of it, having purchased the same by public act from Kingsberry Lane on eleventh May, 1866. She alleges that she paid for said plantation $2000 cash, and gave her four notes, each for a like amount, maturing respectively at one, two, three and four years from date; and has been from the time of her said purchase to the present time in open and actual possession of the property, residing thereon.

The defendant, C. Roselius, denied generally the allegations of plaintiff, alleged that the plantation seized is really and in fact the property of Kingsberry Lane, his mortgage debtor, against whom he obtained· the order of seizure and sale enjoined by the plaintiff; that she is not and never was the owner of said property, that her ownership is only nominal, that the plantation actually belongs to Kingsberry Lane, who has continued the possession thereof, using the name of plaintiff, who is his concubine and former slave, for the purpose of fraudulently concealing his property from the pursuit of his creditors and from seizure and sale under his mortgage. He further alleged that the transfer to plaintiff was simulated, that Kingsberry Lane was at the time insolvent to the knowledge of the plaintiff, and that she knew of the existence of his mortgage. He prayed that the injunction be dissolved, that the title of the plaintiff be declared simulated, that the plantation be declared to belong to Kinsgberry Lane and subject to his mortgage, and for $1000 damages. The court dissolved the injunction without damages, decreed the sale simulated, and that the plantation belongs to Kingsberry Lane, and as such subject to the seizure of the defendant. The plaintiff has appealed.

The evidence shows that the plaintiff and Kingsberry Lane both lived on the plantation before and after the sale, and that they still reside there; that the act of sale from the latter to the former was by notarial act, and it was duly recorded before the registry of the act of mortgage under which the defendants are proceeding. It is also shown that she leased out the land or part thereof in 1866, also in 1867 and 1868.

The witness, Robbins, testifies he was present at the time the act of sale was passed from Kingsberry Lane to Louisa Lane. "He saw $2000 in twenty dollar gold pieces paid to Kingsberry Lane by Louisa Lane, after having been counted by witness and another witness; the money was lying in the lap of Louisa Lane and she asked some one to count it, and he, witness, was then asked to help count it. He saw more than one note given at the time the act was passed, to the best of his knowledge. He was asked to witness the notes. Does not know how many notes were given, but they were given in part payment for the land.'

Where the thing sold remains in possession of the vendor, the presumption is that the sale is simulated, and as against third persons this presumption must be overcome by proof.   C. C. 2456.

Where the vendor and vendee live on the premises sold, possession follows the recorded title.  3 N. S. 337;  19 L. 349.

The act of sale was in due form and recorded prior to the mortgage under which the defendant claims, and it is proved that part of the price was actually paid and notes executed for the balance.  A price was paid, and, although it may be fraudulent, there was a real sale, which must be set aside by a direct action, before the property can be subjected to the writ of the defendant.  19 An. 53; 20 An. 41; 18 An. 732.

Entertaining this view of the case, it becomes unnecessary to pass on the bills of exceptions taken by the plaintiff.

It is therefore ordered that the judgment of the court a qua be avoided and annulled, and it is ordered that the injunction herein be perpetuated and that the defendant pay all costs.

ON REHEARING

HOWELL, J.  A motion is made to dismiss this appeal, granted on motion in open court, upon the ground that the surety on the injunction bond has not been made a party to the appeal.

The judgment appealed from dissolved the injunction without damages, and made no reference to the surety on the bond.  No one complains of the judgment in this respect, and hence the surety can in no way be affected by any judgment which can be rendered on this appeal.  Having no interest in the appeal, he is not a necessary party, and the motion must fail.

Further examination of the record has induced a change in our estimate of the evidence in the cause.  The defendant, C. Roselius, having a mortgage upon the land of Kingsberry Lane, in the parish of Natchitoches, obtained an order of seizure and sale, the execution of which was enjoined by Louisa Lane, who set up title of anterior date to the registry of defendant's mortgage.  The defense is that said title is simulated and fraudulent.

It is satisfactorily shown that Louisa Lane is the concubine and former slave of Kingsberry Lane, and was without means of her own to make the alleged purchase.  The studied forms so ostentatiously observed in making the pretended transfer and the two subsequent acts of lease, are, under the circumstances, confirmatory of the presumption against the reality of the transaction, and were apparently adopted as a part of the machinery to accomplish the purpose.  Both parties were at the time, and still are, living on the premises, and Kingsberry Lane

has since acted the part of owner. The effort to show that Louisa. Lane possessed sufficient funds or means to purchase and hold such property was a failure, while she was aware of the existence of defendant's mortgage and of the embarrassed condition of her alleged vendor. The evidence objected to was properly admitted under the pleadings.

It is therefore ordered that the decree heretofore rendered by us be set aside, and that the judgment of the district court be affirmed. with costs.